# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EJIAWOKO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SEAN COMBS, an individual, VICI PROPERTIES, INC., a New York corporation, WYNN RESORTS, LTD., a Nevada Limited Liability Company, NORTHWOOD INVESTORS LLC, a Colorado Limited Liability Company, JOHN DOE ASSOCIATES 1-10 and ROE ENTITIES 1-10<br><br>Defendants. | Case No.: 2:25-cv-6750<br><br>COMPLAINT FOR DAMAGES<br>1. Sexual Battery (Cal. Civ. Code § 1708.5)<br>2. Civil Conspiracy<br>3. Violation of the Trafficking Victims Protection Act (18 U.S.C. § 1595)<br><br>DEMAND FOR JURY TRIAL |

COMES NOW, Plaintiff Michael Ejiawoko, as an individual, by and through his attorneys of record, and brings this Complaint as follows:

*Ejiawoko v. Combs, et al.* - COMPLAINT - 1

## PARTIES

1. Plaintiff MICHAEL EJIAWOKO ("Plaintiff" or "Mr. Ejiawoko") is an individual and is now, and at all times mentioned in this Complaint was, a resident of Clark County, Nevada.

2. Defendant SEAN COMBS ("Combs") is an individual and is now, and at all times mentioned in this Complaint was, a resident of the State of New York. Combs is believed to have orchestrated a scheme of coercive sexual exploitation involving Plaintiff.

3. Defendant VICI PROPERTIES, INC. is a New York Corporation that operates THE PALAZZO ("The Palazzo"), a luxury hotel and casino in Las Vegas, Nevada.

4. Defendant WYNN RESORTS, LTD., ("Wynn") is a Nevada Corporation that operates the Wynn, a luxury hotel and casino in Las Vegas, Nevada.

5. Defendant NORTHWOOD INVESTORS LLC, ("The London") is a Colorado Limited Liability Company that operates the London Hotel, a luxury hotel in Los Angeles, California.

6. Collectively The Palazzo, Wynn, and The London are known as "The Hotel Defendants".

7. Plaintiff is informed and believes that the Hotel Defendants knowingly facilitated and participated in the unlawful acts described herein by providing accommodations and services to Defendant Combs under aliases, including "Mr.

*Ejiawoko v. Combs, et al.* - COMPLAINT - 2

Star," and by assisting in the concealment of illegal activity occurring on their respective premises.

8. Defendants JOHN DOE ASSOCIATES 1-10 are individuals whose identities are presently unknown who assisted or conspired with Combs and/or who participated in or enabled the wrongful acts herein alleged.

9. Defendants ROE ENTITIES 1-10 are entities whose identities are presently unknown who assisted or conspired with Combs.

10. Plaintiff sues JOHN DOE ASSOCIATES 1-10 and ROE ENTITIES 1-10 ("the DOE Defendants"), inclusive, herein under fictitious names. Plaintiff does not know their true names and capacities. When Plaintiff ascertains the DOE Defendants' true names and capacities, Plaintiff will amend this Complaint by inserting their true names and capacities. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that each Defendant named herein as a DOE or ROE acted with the other defendants and is responsible for the damages to Plaintiff herein alleged. Each reference in this Complaint to Defendants, or to any of them, also refers to all Defendants sued under fictitious names.

11. Plaintiff is informed and believes, and on the basis of that information and belief alleges each of the Defendants sued herein are the agents, servants, employees, licensees, guarantees, invitees, or assignees of each other, and in doing the things herein alleged acted within the course and scope of such agency, employment

*Ejiawoko v. Combs, et al.* - COMPLAINT - 3

guaranty, assignment, license, invitation and/or relationship and with the full

knowledge and consent of the other.

12. At all relevant times mentioned herein, Defendants aided and abetted the acts and

omissions of the other Defendants in proximately causing the damages alleged

herein.

## JURISDICTION AND VENUE

13. This Court has jurisdiction under 28 U.S.C. §1331 for claims arising under federal

law, including 18 U.S.C. § 1595 (TVPA). Supplemental jurisdiction is proper

under 28 U.S.C. §1367.

14. Venue is proper in this District under 28 U.S.C. §1391(b) because a substantial

part of the events occurred in this District.

## FACTUAL ALLEGATIONS

15. This case is another chapter in the sad tale of sexual battery, sex trafficking, and

civil conspiracy arising from the lurid proclivities of disgraced music mogul Sean

"Diddy" Combs.

16. In or around 2018, Plaintiff first met Mr. Combs.

17. Mr. Combs hired Plaintiff, who at all relevant times was a commercial sex worker.

18. Plaintiff was led to believe that he was engaging in consensual sex work with adult

women, including Cassandra Ventura and Jane Doe, unaware that these women

*Ejiawoko v. Combs, et al.* - COMPLAINT - 4

had been coerced or trafficked by Defendant Combs. These services included, but were not limited to, oral copulation and physical penetration.

19. Plaintiff provided these services twice in California and three times in Nevada.

20. Combs orchestrated and observed the encounters, never participating in the encounters himself, but deriving gratification from directing and watching others engage in acts that he choreographed.

21. Combs insisted that Plaintiff use body oil that Combs personally supplied. Plaintiff is informed and believes that the oil was laced with GHB or similar drugs used to incapacitate both Plaintiff and the women involved.

22. Plaintiff never consented to being drugged or manipulated and would never have agreed to participate had he known the truth.

23. These events always occurred in hotels owned and operated by the Hotel Defendants: the Palazzo Casino Hotel and Wynn Casino Hotel in Las Vegas and the London Hotel in Los Angeles.

24. Hotel staff knowingly facilitated Mr. Combs' illicit activities by: a. Reserving hotel rooms under aliases, including the name "Mr. Star," to shield Combs' identity; b. Granting access to private or secured areas to Combs and his JOHN DOE associates; c. Escorting Plaintiff and other participants in the encounters to and from rooms; d. Cleaning and removing paraphernalia used in the encounters, including oils, substances, and drug-related items; e. Failing to report or investigate clear signs of illegal conduct.

25. On information and belief, hotel staff accepted direction from Mr. Combs's entourage to prepare rooms for these encounters and conceal evidence afterward, thereby actively enabling and protecting his conduct.

26. Plaintiff is informed and believes that in at least one instance, Mr. Combs paid $100,000 in cash to hotel staff at the InterContinental Los Angeles Century City, not a defendant in this action, to suppress surveillance footage showing Combs assaulting Ms. Ventura. Plaintiff did not learn of this payment arrangement until June 3, 2025. This revelation establishes Combs's pattern and practice of using money and prestige to make hotels do his bidding and further confirmed to Plaintiff his belief that the Hotel Defendants played a role in knowingly enabling and concealing illegal acts herein alleged.

27. Defendants, and each of them, filmed these encounters without Plaintiff's knowledge or consent.

28. After Ms. Ventura and Jane Doe testified in Combs's federal criminal trial, Plaintiff came to understand the coercive nature of the scheme and has since suffered profound humiliation, emotional trauma, and psychological distress.


## CAUSES OF ACTION

## First Cause of Action: Sexual Battery (Cal. Civ. Code § 1708.5)

### (Against All Defendants)


*Ejiawoko v. Combs, et al.* - COMPLAINT - 6

29. Plaintiff realleges and incorporates the preceding paragraphs as if set forth fully herein.

30. Plaintiff was subjected to sexual contact without full and informed consent, as his ability to consent was nullified by the administration of drugs and false pretenses.

31. Defendant Combs used his money, status, and power to exert force and fear over Plaintiff and to convince Plaintiff and the women into demeaning sexual acts. Defendant Combs watched, recorded, and masturbated during the coercive sexual encounters. Defendant Combs caused and directed these actions and is liable for sexual battery.

32. The Hotel Defendants' employees who facilitated these acts were acting within the course and scope of their employment.

33. The Hotel Defendants are vicariously liable for their employees' negligent, reckless, or knowing facilitation of the unlawful acts by Combs.

34. The Hotel Defendants ratified or approved the conduct of defendant Combs in committing the acts of sexual battery described herein.

35. As a direct and proximate result of Defendants' conduct, and each of them, Plaintiff has suffered and continues to suffer severe emotional distress, including profound humiliation, shame, degradation, anxiety, trauma-related symptoms, and psychological injury. Plaintiff has also experienced a loss of dignity, reputational harm, and ongoing mental anguish stemming from his eventual realization of the coercive and exploitative nature of the scheme in which he was unknowingly

entangled. These injuries have caused lasting harm that interferes with Plaintiff's
personal well-being, relationships, and quality of life.

36. Plaintiff has incurred and will continue to incur mental health-related expenses. As
a result of Defendants' conduct, and each of them, Plaintiff has been damaged and
has suffered damages in an amount in excess of $500,000.00.

37. In subjecting Plaintiff to the wrongful treatment herein described, Defendants, and
each of them, acted willfully and maliciously to harm Plaintiff and consciously
disregarded Plaintiff rights, which constitutes malice and oppression.

38. Therefore, Plaintiff is entitled to the recovery of punitive damages against
Defendants, and each of them, in a sum to be shown according to proof.

## Second Cause of Action: Civil Conspiracy

### (Against All Defendants)

39. Plaintiff realleges and incorporates the preceding paragraphs as if set forth fully
herein.

40. Defendants, and each of them, were co-conspirators who agreed and acted in
concert to facilitate the coerced sexual encounters involving Plaintiff and others.
Defendants committed overt acts in furtherance of the conspiracy.

*Overt Acts in Furtherance of the Civil Conspiracy:*

41. Defendants' Agreement and Purpose

*Ejiawoko v. Combs, et al.* - COMPLAINT - 8

Beginning in or around 2018, the Hotel Defendants, through their employees and agents, entered into an agreement with Defendant Combs to facilitate his illicit sexual exploitation schemes on hotel premises. Their objective was to knowingly support and conceal Mr. Combs's coercive and drug-facilitated sexual encounters, including those involving Plaintiff.

42. Acts Executed Under Alias

On multiple occasions, when Plaintiff was brought to hotel rooms to engage in sexual encounters directed by Mr. Combs, the Hotel Defendants knowingly reserved these rooms under aliases—most notably "Mr Star"—in order to conceal Mr. Combs's identity and protect his privacy and public image.

43. Facilitation by Staff Treatment

The Hotel Defendants, acting through staff and management, intentionally:

Used aliases to book rooms for "Mr Star" or similar pseudonyms;

Granted Mr. Combs and Plaintiff access to secured or restricted floors;

Assisted in escorting Plaintiff and others to rooms;

Shielded Mr. Combs from detection by other guests and hotel security;

Allowed Combs's personal assistants and entourage to supply and clean up paraphernalia—such as oils, candles, Astroglide, and other materials—for the encounters.

44. Concealment and Protection of Illicit Activity

Hotel staff routinely cleaned up evidence—including bottles, powders, and other

signs of drug use—to maintain secrecy and protect Mr. Combs's reputation. They acted to preserve his image by eliminating traces of wrongdoing from hotel records and physical premises.

45. In at least one instance known to Plaintiff, Combs bribed hotel personnel at the InterContinental Los Angeles Century City with a $100,000 cash payment to prevent the release of surveillance footage showing him assaulting Cassie Ventura. The existence of this payment arrangement reinforces the hotels' awareness and willingness to facilitate and conceal Combs's misconduct.

46. Plaintiff's Post-Knowledge Reaction

Plaintiff did not learn of these payments, aliases, or the full extent of the hotels' concealment practices until defendant Combs's federal criminal trial in May and June 2025. Upon learning this, Plaintiff understood that the Hotel Defendants had knowingly participated in an enterprise designed to facilitate non-consensual, coerced, and drug-involved sexual acts orchestrated by Mr. Combs.

47. Continued Conspiratorial Conduct

By continuing to reserve rooms under aliases, provide no-questions-asked accommodations, allow escorting and access, and facilitate cleanup efforts, the Hotel Defendants substantially assisted Combs in carrying out his illegal conduct and enabled the continuation and expansion of the conspiracy.

48. These coordinated actions constitute a conspiracy to engage in unlawful and harmful acts; to wit, sexual trafficking and sexual battery.

49. As a direct and proximate result of Defendants' conduct, and each of them, Plaintiff has suffered and continues to suffer severe emotional distress, including profound humiliation, shame, degradation, anxiety, trauma-related symptoms, and psychological injury. Plaintiff has also experienced a loss of dignity, reputational harm, and ongoing mental anguish stemming from his eventual realization of the coercive and exploitative nature of the scheme in which he was unknowingly entangled. These injuries have caused lasting harm that interferes with Plaintiff's personal well-being, relationships, and quality of life.

50. Plaintiff has incurred and will continue to incur mental health-related expenses. As a result of Defendants' conduct, and each of them, Plaintiff has been damaged and has suffered damages in an amount in excess of $500,000.00.

**Third Cause of Action: Violation of the Trafficking Victims Protection Act (18 U.S.C. § 1595)**

(Against All Defendants)

51. Plaintiff realleges and incorporates the preceding paragraphs as if set forth fully herein.

52. The Trafficking Victims Protection Act ("TVPA") prohibits knowingly recruiting, enticing, harboring, transporting, providing, obtaining, advertising, maintaining, patronizing, or soliciting a person by means of force, threats of force, fraud,

coercion, or any combination thereof for the purpose of causing that person to engage in a commercial sex act.

53. Defendant Combs knowingly recruited, enticed, and maintained Plaintiff through a scheme involving coercion, manipulation, and the administration of drugs without consent, all for the purpose of facilitating commercial sex acts from which Combs derived personal gratification and benefit.

54. Combs, acting in concert with hotel personnel and other associates, orchestrated repeated encounters under false pretenses, using aliases, controlled environments, and drug-laced products to remove the agency of Plaintiff and others.

55. Plaintiff is a victim of trafficking within the meaning of the TVPA and is entitled to bring a civil action under 18 U.S.C. §1595 against both the primary violators and those who knowingly benefitted from participation in the venture.

56. The Hotel Defendants knowingly benefitted from their involvement in this venture by receiving financial compensation from Combs and his associates while facilitating the trafficking scheme.

57. As a direct and proximate result of Defendants' conduct, and each of them, Plaintiff has suffered and continues to suffer severe emotional distress, including profound humiliation, shame, degradation, anxiety, trauma-related symptoms, and psychological injury. Plaintiff has also experienced a loss of dignity, reputational harm, and ongoing mental anguish stemming from his eventual realization of the coercive and exploitative nature of the scheme in which he was unknowingly

entangled. These injuries have caused lasting harm that interferes with Plaintiff's personal well-being, relationships, and quality of life.

58. Plaintiff has incurred and will continue to incur mental health-related expenses. As a result of Defendants' conduct, and each of them, Plaintiff has been damaged and has suffered damages in an amount in excess of $500,000.00.

59. As a further direct and proximate result of these violations, Plaintiff has suffered the damages described above and is entitled to recover compensatory damages, punitive damages, attorney's fees, and other relief as provided by the TVPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. General and special damages in an amount to be proven at trial;

2. Punitive and exemplary damages;

3. Statutory damages under 18 U.S.C. § 1595;

4. Attorneys' fees and costs;

5. Pre- and post-judgment interest;

6. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: July 22, 2025

Respectfully submitted,

**SALAZAR EVANS LLP**

By: /s/Jonathan D. Evans

Jonathan D. Evans, Esq. (SBN 302887)
evans@salazarevanslaw.com
Theida Salazar (SBN 295547)
salazar@salazarevanslaw.com

117 E. Colorado Blvd., Ste. 260
Pasadena, CA 91105
626-345-5402 | 323-576-4567 FAX
*Attorneys for Plaintiff*