UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-6750 PA (MBKx) | Date | November 21, 2025 |
|---|---|---|---|
| Title | Michael Ejiawoko v. Sean Combs, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

      Plaintiff Michael Ejiawoko ("Plaintiff"), who is represented by counsel, commenced this action on July 24, 2025.  The Complaint alleges claims against defendants Sean Combs, Vici Properties, Inc., Wynn Resorts, Ltd., and Northwood Investors LLC.  Under Federal Rule of Civil Procedure 4(m), absent a showing of good cause, an action must be dismissed without prejudice if the summons and complaint are not served on a defendant within 90 days after the complaint is filed.  On November 4, 2025, the Court issued an Order explaining that it appeared that this time period has not been met in this case and ordering Plaintiff to show cause in writing why this action should not be dismissed for lack of prosecution.  Plaintiff's response was due November 12, 2025.  The Court warned Plaintiff that "[f]ailure to respond to this Order may result in the imposition of sanctions, including but not limited to dismissal of the complaint." (Docket No. 13.)  To date, however, Plaintiff has not responded to the Court's Order to Show Cause, nor has he filed a proof of service as to any defendant or sought additional time to do so.

      The Court may dismiss with prejudice an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order).  This inherent power supports the orderly and expeditious disposition of cases.  See Link, 370 U.S. at 629–30; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Yourish, 191 F.3d at 987–88.

      In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions."  779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-6750 PA (MBKx) | Date | November 21, 2025 |
|---|---|---|---|
| Title | Michael Ejiawoko v. Sean Combs, et al. | | |

(internal citations omitted) (citing Ferdik, 963 F.2d at 1263). Cases involving sua sponte dismissal merit special focus on the fifth Henderson factor. Id.

    Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("The public's interest in expeditious resolution of litigation always favors dismissal." (quoting Yourish, 191 F.3d at 990)). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal. See id. ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.").

    The third Henderson factor at least marginally favors dismissal. While "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal," see Pagtalunan, 291 F.3d at 642, unreasonable delay creates a presumption of prejudice, see In re Eisen, 31 F.3d 1447, 1452 (9th Cir. 1994); Moore v. Teflon Commc'ns Corp., 589 F.2d 959, 967–68 (9th Cir. 1978). Here, as discussed above, Plaintiff has not responded to the Court's Order to Show Cause or established his compliance with Rule 4(m), nor has he made any attempt to explain his failure to do so. Thus, Plaintiff has not diligently prosecuted this action.

    The fourth and fifth Henderson factors also favor dismissal. Plaintiff has failed to comply with the Court's Order to Show Cause and the requirements of Rule 4(m). Because the Court warned Plaintiff of the consequences of failing to prosecute or respond to the Court's Order to Show Cause, Plaintiff was on notice that the failure to adequately prosecute his claims could result in the dismissal of the action. Despite this notice, Plaintiff has failed to comply with the Court's orders or diligently prosecute this action. Additionally, the Court is adopting the "less-drastic" sanction of dismissal of the action without prejudice. See McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996); see also Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Thus, the Henderson factors weigh in favor of dismissing the action.

    Accordingly, as a result of Plaintiff's failure to comply with the Court's orders and to diligently prosecute this case, this action is dismissed without prejudice. See Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986–88; Ferdik, 963 F.2d at 1260. The Court will enter a Judgment consistent with this Order.

    IT IS SO ORDERED.